JUDGE TUCKER
said that, as to final decrees, the power of the Court ceased at the end of the term; but over interlocutory decrees it always continues; for the Chancellor may, at any subsequent term, set such decrees aside, and therefore may grant appeals from them.
JUDGE ROANE
observed the great inconvenience which would result from the construction of the law contended for by the counsel of the appellee. This court having decided that appeals from interlocutory decrees cannot be granted by the Chancellor in vacation, it might happen that the party aggrieved by a decree would be deprived of his appeal altogether, if it could not be allowed him at a subsequent term, since he might be absent when the decree was ^rendered, and know nothing of it until after the term. Such a construction should prevail as advances the object the Legislature had in view, which was the convenience of the people: and, moreover, no words exist in the act restiicting the power of the Chancellor to the term when the interlocutory decree was entered.
JUDGE FLEMING
was of the same opinion; and the motion was unanimously overruled.